UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIAM HARPER, JR.,

          Plaintiff,

- against -

PORT AUTHORITY OF NEW YORK
& NEW JERSEY,

          Defendant.

**OPINION AND ORDER**

**05 Civ. 5534 (BSJ) (RLE)**

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

Plaintiff, William Harper, Jr. ("Harper"), brings this action against defendant Port Authority of New York and New Jersey ("Port Authority"), under 42 U.S.C. §§ 1983 and 1988, seeking compensatory and punitive damages for alleged civil rights violations. Pending before the Court is Harper's motion to amend the complaint pursuant to Rule 15(a), Federal Rules of Civil Procedure, and the parties cross motions for sanctions pursuant to Rule 11 and 28 U.S.C. § 1927. For the reasons which follow, Harper's motion to amend is **GRANTED**, in part, and **DENIED** in part, and the motions for sanctions are **DENIED**.

## II. BACKGROUND

On May 5, 2006, Harper filed a motion to amend the complaint seeking to include five police officers as defendants and to clarify that state law claims are asserted only against the Port Authority. The Port Authority filed an opposition to the instant motion and a cross motion to dismiss certain claims on May 19, 2006. It maintains that Harper's motion is made in bad faith because the facts do not support the amendments. Because this case has not been referred for

resolution of dispositive motions, the Court informed the parties that the cross motion to dismiss should be submitted to Judge Jones and filed in accordance with her individual rules. The Port Authority asked Judge Jones to decide all pending motions, and to address them simultaneously. Harper argued that the cross motion to dismiss should be stayed pending the completion of discovery. On May 30, 2006, Judge Jones ordered that the Port Authority's cross motion to dismiss be withdrawn pending the completion of discovery, and that the undersigned decide the pending motion to amend the complaint, and the cross motions for sanctions.

### III. DISCUSSION

**A. Amendment**

**1. The Legal Standard**

Under the Federal Rules of Civil Procedure, a party may amend its pleading once as a matter of right before a responsive pleading is served or within twenty days after the pleading is served. Rule 15(a). A party may also amend its pleading with written consent from the opposing party or by filing a motion for leave to amend with the Court. **Id**. Rule 15(a) specifies that leave to amend shall be freely given when justice so requires. Since this rule is interpreted liberally, **Rachman Bag Co. v. Liberty Mut. Ins. Co.**, 46 F.3d 230, 234 (2d Cir. 1995), an amendment is normally permitted, and the refusal to grant leave without justification is "inconsistent with the spirit of the Federal Rules." **Foman v. Davis**, 371 U.S. 178, 182 (1962). It remains, however, within the discretion of the Court whether to allow amendment, and the Court may deny permission to amend in whole or in part. **Id**.; **John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp.**, 22 F.3d 458, 462 (2d Cir. 1994). An amendment that is sought after discovery has been closed, for undue delay, or in bad faith, for instance, may be denied because of prejudice to

2

defendant.  **Finlay v. Simonovich**, 1997 WL 746460, at *1 (S.D.N.Y. Dec. 2, 1997).

**2.     New Named Defendants**

The addition of new parties to an action is governed by Rule 21, which provides that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just."  *See also* **Chowdhury v. Haveli Rest., Inc.**, 2005 WL 1037416, at *1 (S.D.N.Y. May 3, 2005).  In deciding whether a party may be added under this rule, the Court is guided by "the same standard of liberality afforded to motions to amend pleadings under Rule 15."  **Soler v. G&Y, Inc.**, 86 F.R.D. 524, 528 (S.D.N.Y. 1980).  The Court has discretion to determine whether additional parties should be included in a pending action.  **Id**. at 528.

Harper seeks to amend the complaint on the grounds that records produced by the Port Authority in discovery indicate that five police officers were involved in his arrest.  More specifically, he seeks to add: 1) Police Officer Naut ("Naut") because he arrested Harper and signed the Port Authority's Police Criminal Complaint Report; 2) Lieutenant O'Doherty ("O'Doherty") because he supervised Naut and witnessed the report; 3) Lieutenant Simms ("Simms") because he supervised Naut and verified the signature on the report; 4) Sergeant West ("West") because he escorted Harper to a Port Authority police building; and 5) Police Officer Chin ("Chin") because he contacted the Office of the District Attorney of Queens County concerning Palmer's arrest.

The Port Authority concedes that Naut arrested Harper and consents to his inclusion as a defendant, but objects to the addition of the other four individuals on the ground that no facts indicate that they arrested or prosecuted Harper.  It contends that the level of involvement of

these other police officers is insufficient to support civil rights claims against them.

Section 1983 imposes liability "only for conduct which subjects . . . the complainant to a deprivation of a right secured by the Constitution and laws." **Rizzo v. Goode**, 423 U.S. 362, 370-71 (1976) (internal quotation omitted). "Personal involvement of the defendant in the conduct that allegedly violates the plaintiff's constitutional rights is generally a prerequisite for liability under a § 1983 claim." **Snider v. Dylag**, 188 F.3d 51, 54 (2d Cir. 1999). Evidence of personal involvement includes 1) direct participation in an alleged constitutional violation, 2) failure to remedy a wrong after being informed of the violation through a report or appeal, 3) a policy or custom under which unconstitutional practices occurred, or allowing the continuance of such a policy or custom, 4) grossly negligent supervision of subordinates who commit the wrongful acts, or 5) deliberate indifference by failing to act on information indicating that unconstitutional acts were occurring. **Back v. Hastings on Hudson Union Free School Dist.**, 365 F.3d 107, 127 (2d Cir. 2004).

The Port Authority relies primarily on **Snider v. Dylang**, **Carson v. Lewis**, 35 F. Supp. 2d 250 (E.D.N.Y. 1999), and **Williams v. Smith**, 781 F.2d 319 (2d Cir. 1986), to support its contention that Sims's, O'Doherty's, West's, and Chin's involvement is insufficient under § 1983. This reliance is misplaced. In **Snider**, the Court found that defendant was not liable under § 1983 because plaintiff's contention that he actually participated in the alleged assault was unsubstantiated. 188 F.3d at 54. Here, unlike **Snider**, Harper's allegations against the police officers appear to be substantiated by records produced by the Port Authority. In **Carson v. Lewis**, the Court found that the plaintiff's constitutional rights had simply not been violated, and that defendant's conduct did not reach the level of personal involvement under § 1983. 35 F.

4

Supp. 2d at 262. In **Williams v. Smith**, the Court found that the conduct of a defendant did not rise to a level which would warrant the imposition of personal involvement. 781 F.2d at 323. Although the Court reached this conclusion, it expressly stated that a determination on whether an alleged conduct constitutes personal involvement under § 1983 is a question of fact. **Id**. Since a finding of personal involvement under § 1983 is based on the specific facts of each case, the outcome in other cases is not determinative here. In the instant case, the parties dispute the facts underlying the police officers' level of involvement. The Court is not charged with making a determination on the merits of the parties' claims. For purposes of amending the complaint, Harper's allegations need only state a claim on which relief can be granted. "[T]he Court cannot properly find at this stage of the proceedings that [Harper] can assert no set of facts that would entitle [him] to relief on [his] new claim[s], and therefore that the amended complaint would not withstand a motion to dismiss pursuant to Rule 12(b)(6). **Miteva v. Third Point Mgmt. Co., L.L.C.**, 219 F.R.D. 64, 65 (S.D.N.Y. 2001).

The Court may deny an amendment if it is sought after the conclusion of discovery, and for undue delay, bad faith, or prejudice to the defendant. **Finlay v. Simonovich**, 1997 WL 746460 at *1. Since the motion to amend the complaint was filed immediately following the discovery of new information, the Court finds that this amendment is not untimely and will not delay the prosecution of this litigation or prejudice the Port Authority. Although the Port Authority claims that Harper seeks this amendment in bad faith, it has failed to produce any evidence to substantiate this claim.

The Port Authority concedes that Naut may be included as a defendant. Since Naut directly participated in the alleged constitutional violation, and he was supervised by O'Doherty

and Simms, Harper's request to add these individuals as defendants is **GRANTED**. *See* <u>Back</u>, 365 F.3d at 127. Further discovery surrounding Naut's, O'Doherty's, and Simms's personal involvement will assist the Court determine their liability, if any, under § 1983. However, the Court finds that West's and Chin's conduct does not reach the level of personal involvement under § 1983. <u>Id</u>. Harper's request to add West and Chin as defendants is, therefore, **DENIED**.

**B.     Cross Motions for Sanctions**

Harper filed a motion for sanctions against the Port Authority pursuant to Rule 11 and 28 U.S.C. § 1927. The Port Authority filed a cross motion for sanctions against Harper for threatening to file a frivolous motion, presumably under Rule 11. Both Rule 11 and § 1927 have notice requirement which neither party has adhered to. **Storey v. Cello Holdings**, 347 F.3d 370, 389 (2d Cir. 2003); **Schoenberg v. Shapolsky Publishers, Inc.**, 971 F.2d 926, 936 (2d Cir. 1992). Moreover, the claims in the sanction motions are meritless. The motions are, therefore, **DENIED**.

### IV. CONCLUSION

For the foregoing reasons, Harper's motion to amend the complaint is **GRANTED**, in part, and **DENIED**, in part, and the cross motions for sanctions are **DENIED**. Harper shall file an amended complaint including Naut's, O'Doherty's, and Simms's as defendants by **June 5, 2006**.

**SO ORDERED this 1st day of June 2006**
**New York, New York**

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

6