UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIAM HARPER, JR.,

                  Plaintiff,

- against -

PORT AUTHORITY OF NEW YORK
& NEW JERSEY,

                  Defendant.

**OPINION AND ORDER**

**05 Civ. 5534 (BSJ) (RLE)**

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

Plaintiff, William Harper, Jr. ("Harper"), brings this action against defendant Port Authority of New York and New Jersey ("Port Authority"), under 42 U.S.C. §§ 1983 and 1988, seeking compensatory and punitive damages for alleged civil rights violations. Pending before the Court is Harper's application for an order directing the Port Authority to produce outstanding discovery records. For the reasons which follow, Harper's request is **GRANTED**, in part, and **DENIED**, in part.

## II. BACKGROUND

Harper claims that the Port Authority and individual police officers are guilty of false arrest and malicious prosecution. He also claims, under **Monell v. Dep't of Social Servs.**, 436 U.S. 658 (1978), that the Port Authority is guilty of negligent hiring, training and supervision of the police officers. Harper served the Port Authority with interrogatories and document requests on April 18, 2006. For each individual defendant, Harper requested: 1) the entire file from the police academy and other training programs (Harper's Document Request No. 13); 2) the

disciplinary, medical, psychological, employment and personnel files, pre-employment investigation information, psychological test results, early intervention monitoring records, fitness for duty evaluations, use of force records, interviews, memoranda, and other documents contained in or made part of the personnel records or other files (Harper's Document Request No. 14); 3) the Civilian Complaint Review Board ("CCRB") history and the file for every complaint filed (Harper's Document Request No. 15); 4) every complaint of any sort made to the Port Authority (Harper's Document Request No. 16); 5) all documents concerning any suit filed concerning abuse of their lawful authority, false swearing, excessive force, assault, battery, false arrest, malicious prosecution, malicious abuse of process, or violation of any federal constitutional rights (Harper's Document Request No. 17); and 6) all documents concerning internal Port Authority disciplinary actions, letters in the personnel file, charges and specifications, warnings and admonishment (Harper's Document Request No. 18).

Pursuant to Rule 33(b)(3), Federal Rules of Civil Procedure, the Port Authority's response was due on May 18, 2006. By letter, dated May 26, Harper apprised the Court of the Port Authority's failure to timely respond, and requested an order directing it to respond by June 2. The Port Authority served its answer on June 2, fifteen days after the May 18 deadline. On June 6, Harper asked the Court for an order directing the Port Authority to produce discovery records. On June 7, the Port Authority filed a supplemental submission, arguing that disclosure is not appropriate because 1) although state law is not controlling in this case, as a matter of comity, the records are protected from disclosure under New York State Civil Rights Law ("N.Y.C.R.L.") § 50(a); 2) the records Harper seeks are private; 3) the production is onerous; and 4) the records are not likely to lead to the discovery of admissible evidence. The Port Authority

2

has failed to indicate how many records its discovery production would comprise, and why the production is allegedly onerous. It does not assert any privileges with respect to the requested records. Although Harper contends that the Port Authority has waived its objections to the document requests by failing to serve a timely response, the Court will address Harper's document requests on the merits. On June 20, the Court held a conference to resolve the pending motion.

### III. DISCUSSION

**A.     The Legal Standards**

The scope of discovery is generally limited to any matter, not privileged, which is relevant to the subject matter involved in the pending action or appears reasonably calculated to lead to the discovery of admissible evidence. Rule 26(b), Federal Rules of Civil Procedure. "Relevancy is broadly construed to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." **Carey v. Berisford Metals Corp.**, 1991 WL 44843, at *7 (S.D.N.Y. Mar. 28, 1991) (quotations and citation omitted). "Discovery is of broader scope than admissibility, and discovery may be had of inadmissible matters." **King v. Conde**, 121 F.R.D. 180, 194 (E.D.N.Y. 1988). The Court has broad discretion in managing discovery. **Wills v. Amerada Hess Corp.**, 379 F.3d 32, 41 (2d Cir. 2004); **In re Fitch, Inc.**, 330 F.3d 104, 108 (2d Cir. 2003); **Cruden v. Bank of New York**, 957 F.2d 961, 972 (2d Cir. 1992).

**B.     Harper's Document Requests No. 13-18**

    **1.     Complaint Records**

Harper seeks the individual defendants' complaint records. More specifically, Harper

requests that the Port Authority disclose records concerning false arrest, false imprisonment, malicious prosecution, false swearing, false testimony, excessive force, assault, battery, and the violation of other federal constitutional rights. The Port Authority argues that these records are protected from disclosure pursuant to N.Y.C.R.L. § 50(a), a state statute mandating confidentiality for personnel records of correctional officers, and that this provision should be applied to this case as a matter of comity. However, privileges set forth in New York State law do not govern discovery in federal cases. **Melendez v. Greiner,** 2003 WL 22434101, at *4-7 (S.D.N.Y. Oct. 23, 2003). The Port Authority contends that discovery should be limited to records of complaints and charges for conduct similar to that alleged by Harper – namely, false arrest, false imprisonment and malicious prosecution. In addition to those records conceded by the Port Authority, records concerning allegations of false swearing and false testimony are relevant to this action, and may lead to the discovery of admissible evidence. The Port Authority will therefore produce records in the conceded categories as well as false swearing and false testimony.

The Port Authority contends that unsubstantiated complaints and charges should be disclosed. It relies on **Pacheco v. The City of New York**, 234 F.R.D. 53 (E.D.N.Y. 2006), and **Thompson v. The City of New York**, 2006 WL 298702 (S.D.N.Y. Feb. 7, 2006), in support of this contention. It's reliance on these cases is misplaced. In **Pacheco**, the court recognized that unsubstantiated records may be discoverable. "That the allegations may not have been substantiated . . . does not protect the records from discovery." **Pacheco**, 234 F.R.D. at 55. In **Thompson**, the court conducted an *in camera* inspection and determined that the contested records where privileged, or simply not relevant to the allegations in the complaint. The court

noted, however, that "there may be cases where the production of unsubstantiated allegations filed with the CCRB . . . may be relevant to a complaint or lead to the discovery of admissible evidence." 2006 WL 298702 at *3. Neither **Pacheco** nor **Thompson** therefore stand for the proposition that unsubstantiated complaint records are protected from disclosure. Because Harper asserts claims based on **Monell**, the Port Authority's knowledge of, and response to, defendants' behavior and complaint history is relevant. **Bradley v. The City of New York**, 2005 WL 2508253, at *1 (S.D.N.Y. Oct. 3, 2005); *see also* **Vann v. The City of New York**, 72 F.3d 1040, 1045 (2d Cir. 1995). Since the Court has broad discretion to manage discovery, **In re Fitch, Inc.**, 330 F.3d at 108, and because impediments to discovery in a § 1983 case are not favored, substantiated and unsubstantiated complaint records shall be produced by **July 17, 2006**. *See* **Skibo v. The City of New York**, 109 F.R.D. 58, 64 (E.D.N.Y. 1985); **Katt v. New York City Police Dep't**, 1997 WL 394593, at *2-3 (S.D.N.Y. July 14, 1997)

2.  **Employment and Personnel Records**

Harper also requests the disclosure of employment and personnel records. More specifically, he requests all memoranda, letters, and documents in the individual defendants files including personal and private salary, medical and psychological records. At the June 20 conference, Harper narrowed this request. He now seeks disciplinary, monitoring, performance, and evaluation records. The Port Authority concedes that these categories of records are relevant to the allegations in this action. Harper's request for an order directing the Port Authority to produce disciplinary, monitoring, performance, and evaluation records is **GRANTED**. The Port Authority shall produce these records by **July 17, 2006**.

C. **Harper's Document Request No. 10**

Harper requests that the Port Authority provide copies of documents obtained from his state court records. The Port Authority obtained these records pursuant to an authorization Harper executed. Harper argues that sharing these records will ensure that both parties are reviewing the same records and expedite the resolution of this action. The Port Authority maintains that it is not obligated to provide copies of these records. The Court disagrees. The Court is charged with securing the "just, speedy, and inexpensive determination of every action." Rule 1, Federal Rules of Civil Procedure, and has broad discretion in managing discovery. **Wills**, 379 F.3d at 41. "Discovery provisions, like all of the Federal Rules of Civil Procedure, are subject to the injunction of Rule 1 that they be construed to secure the just, *speedy,* and *inexpensive* determination of every action." **Hyundai Merchant Marine Co. Ltd. v. United States**, 159 F.R.D. 424, 429 (S.D.N.Y. 1995) (internal quotations omitted) (citing **Herbert v. Lando**, 441 U.S. 153, 177 (1979)) (emphasis in original). **Cases should proceed on a uniform database, and sharing of information reasonably accommodates the dictates of Rule 1. Failure to disclose and share the records will delay the prosecution of this case.[1] The Port Authority is not required to make copies free of charge, but may require reasonable reimbursement for the costs of reproduction. The Port Authority shall arrange for Harper to receive copies of the requested documents without delay.**

D. **Harper's Document Requests No. 20 and 22**

**Harper seeks all records concerning arrests at the Port Authority's four airports**

---

[1] It appears that the records could be requested under Rule 34. The Port Authority certainly cannot claim they are irrelevant, and has failed to show that it will be adversely affected by the disclosure.

6

over a four year period based on possession of a controlled substance. The Port Authority has provided annual statistics for a four year period for the airport where Harper was arrested. Harper now requests additional information concerning these arrests. He argues that these records are relevant to his <u>Monell</u> claim. It is unclear which additional information Harper seeks. The Port Authority maintains that the production of these records is onerous, but has failed to indicate how many records this production would comprise. Since by letter dated June 8, 2006, Harper indicates that he may defer <u>Monell</u> discovery, the Court does not reach this issue. Harper may re-new his request for an order to compel production of these records.

E.     **Harper's Document Request No. 21**

Harper requests records from the Port Authority concerning complaints, grievances, lawsuits, or settlements for arrests related to possession of a controlled substance. The Port Authority maintains that no responsive records exist. Counsel for the Port Authority shall execute a sworn affirmation indicating that no records exist by July 17, 2006.

F.     **Harper's Document Requests No. 23, 25-27**

Harper seeks the Port Authority's guidance and instructional records for its police officers to conduct arrests for possession of a controlled substance. The Port Authority maintains that no records exist. Counsel for the Port Authority shall execute a sworn affirmation indicating that no records exist by July 17, 2006.

G.     **Harper's Document Request No. 24**

Harper seeks training materials from the date the individual defendants were hired

produce by **July 17, 2006**, training records for the individual defendants from two years before Harper's arrest to the date of his arrest. If responsive records are not produced, but are later identified during a deposition, the witness may be subject to being deposed again at the Port Authority's expense.

## H. Extension of the Discovery Deadline

The parties jointly request an extension of the discovery deadline to complete the outstanding document production and depositions. For good cause shown, the parties request is hereby **GRANTED**. All discovery shall be completed by **September 29, 2006**.

## IV. CONCLUSION

For the foregoing reasons, Harper's motion to compel is **GRANTED**, in part, and **DENIED**, in part. The Port Authority shall produce discovery records by **July 17, 2006**. The parties shall completed all discovery by **September 29, 2006**. The parties shall appear for a conference before the Court on **October 17, 2006, at 10:30 a.m.**

**SO ORDERED this 10th day of July 2006**
**New York, New York**

*Ronald Ellis*

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

8